UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERICH ALEXANDER, JOHNETTE ALEXANDER, and E.A., a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 3:14-cv-01774-RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF MEDICAL RECORDS AND FOR SANCTIONS |

This matter comes before the Court on Plaintiffs' Motion to Compel Production of Medical Records and For Sanctions. Dkt. 18. The Court has considered Plaintiffs' motion, the responsive briefing, and the remainder of the file herein. Dkt. 19; 22.

Plaintiffs seek to compel the following:

". . . reasonably useable, legible, and complete screen shots or an equivalent medical record for Johnette Alexander and E.A. that comprise all of the electronically stored information created and maintained by Madigan Army Medical Center ('MAMC') during Mrs. Alexander's pregnancy, her labor and delivery, the neonatal phase and post-delivery records for E.A., and further that Defendant produce the names of both computer programs used to store medical records at MAMC in February, 2012."Dkt. 18, at 1, 2. Plaintiffs also seek to compel a certification from Defendant that Defendant has made a reasonable inquiry into the existence of this discovery and can attest that its production is a true, correct, and complete copy of all available discovery. *Id*., at 2. Plaintiffs also request sanctions

1 | for Defendant to pay costs associated with re-deposing MAMC personnel and for Plaintiffs'
2 | experts to review the newly produced discovery and revise their opinions. *Id*. Finally, Plaintiffs
3 | request a 45 day extension of the expert witness disclosures. *Id*.

4 | Courts are given broad discretion to control discovery under FRCP 37, including
5 | "particularly wide latitude . . . to issue sanctions under FRCP 37(c)(1)[.]" *Ollier v. Sweetwater*
6 | *Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (quoting from *Yeti by Molly, Ltd. v.*
7 | *Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001)).

8 | Under the circumstances, Defendant should be compelled to produce all discovery in a
9 | legible format. The difference in clarity between the originally-produced discovery and the
10 | reformatted discovery is obvious. *C.f.* Dkt. 18-1, at 16; *id*. at 30. It is perhaps for this reason that
11 | Defendant appropriately reproduced some, but not all, of the discovery. Dkt. 18-1, at 18.
12 | Defendant should provide discovery by either reformatting discovery or by providing screen
13 | shots; whatever the format, it must include all discovery and must be legible.

14 | To maintain the trial date and related deadlines, Defendant should provide Plaintiff with
15 | the reformatted discovery in its entirety by Friday, December 4, 2015. To afford Plaintiff an
16 | opportunity to review the discovery and modify expert witness disclosures and reports as
17 | necessary, the Fed.R.Civ.P. 26(a)(2) deadline should be delayed from December 16, 2015 to
18 | January 15, 2016. All other dates and deadlines should remain. *See* Dkt. 16.

19 | Defendant should make experts and MAMC personnel available for additional
20 | depositions but should not pay for costs arising from additional depositions or expert reports.
21 | The costs to Plaintiff are mostly speculative, because Plaintiff has not yet been able to compare
22 | two full sets of discovery, and the examples of "new and additional" discovery exaggerate
23 | distinctions. *See* Dkt. 18, at 6-8. Instead, it appears that Defendant has made ongoing efforts to

24

1  provide Plaintiff with reformatted discovery, but that doing so has proven difficult, for example,

2  due to records systems constraints. *See, e.g.,* Dkt. 20-18; 20-24. However, Defendant should

3  have made more of an effort to provide legible records in the first place, especially when a better

4  format may have been available. *See* Dkt. 18-1, at 26. Once Defendant learned of the illegibility

5  problem, Defendant should have provided legible versions of all ~~not some~~ discovery, without

6  shifting the burden to Plaintiff to narrow discovery. Dkt. 18-1, at 28; 18-1 at 52, ¶5; 19, at 5.

7  Finally, Plaintiff requests that Defendant certify that discovery provided is accurate and

8  complete, but it appears both parties are aware of their ongoing discovery duties, so the Court

9  need not order a duty already observed by the parties. Dkt. 20, at 2; 22, at 4.

10  The parties are encouraged to focus on the substantive merits of the case.

11  * * *

12  THEREFORE, Plaintiff's Motion to Compel Production of Medical Records and for

13  Sanctions (Dkt. 18) is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED

14  as follows:

15  Defendant shall provide all discovery to Plaintiff in a legible format on or before December 4, 2015.

16  The Motion is otherwise DENIED.

17  The Clerk is directed to send uncertified copies of this Order to all counsel of record and

18  to any party appearing *pro se* at said party's last known address.

19  Dated this 24th day of November, 2015.

*[signature]*

ROBERT J. BRYAN
United States District Judge