UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERICH ALEXANDER, JOHNETTE ALEXANDER, and E.A., a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 3:14-cv-01774-RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO STRIKE EVIDENCE OF FUTURE COLLATERAL SOURCE BENEFITS |

THIS MATTER comes before the Court on Plaintiffs' Motion to Strike Evidence of Future Collateral Source Benefits. Dkt. 32. The Court has considered Defendant's Response (Dkt. 41), the parties' oral argument, supplemental briefing (Dkts. 50, 55), and the remainder of the file herein.

I.    BACKGROUND

Plaintiffs allege harm, including E.A.'s permanent neurological impairment, caused by Defendant's negligence in the medical care of E.A. at Madigan Army Medical Center. Dkt. 1. E.A. was born on February 2, 2012, and according to the deposition testimony of E.A.'s mother,

Plaintiff Johnette Alexander, TRICARE has covered E.A.'s medical expenses since birth. Dkt. 57, at 20. E.A. is a enrolled in TRICARE as a dependent of Plaintiff Erich Alexander. *Id*. Mr. Alexander began active duty military service in 2003, is currently enlisted in the United States Army, and plans to continue military service at least until he is eligible for retirement in 2023, according to his deposition testimony. Dkt. 57, at 13, 14. Mr. Alexander, Mrs. Alexander, and E.A. are enrolled in TRICARE Prime, which does not currently require an enrollment fee, and E.A. is enrolled in supplemental care, TRICARE Extended Care Health Option (ECHO), which includes a monthly cost-sharing obligation of up to $30. Dkt. 56, at 2.

Plaintiffs request that Defendant be precluded from offering evidence of future collateral source benefits, including testimony from Defendant's two damages experts, Michael Kottyan and William Partin. Dkt. 33, at 1. Defendant has disclosed reports from both expert witnesses. Dkt. 33-1. Mr. Kottyan's report, entitled, "Summary of TRICARE Eligibility and Coverage Authority," substantiates his opinion of E.A.'s future TRICARE eligibility. Dkt. 33-1, at 20-23. Mr. Partin's report evaluates E.A.'s future care costs under three scenarios: (1) direct payment by E.A. and his parents, (2) TRICARE payment, and (3) TRICARE payment until E.A. reaches the age of 21, then Affordable Care Act payment for the remainder of E.A.'s life expectancy. Dkt. 33-1, at 1-11. Mr. Partin's report also evaluates E.A.'s expected income loss, which is not the subject of Plaintiffs' motion. *Id*.

## II.   ANALYSIS

The primary issued raised by Plaintiffs' motion is whether evidence of future TRICARE benefits should be excluded under the collateral source doctrine, or whether Defendant should be permitted to introduce it to offset any tort award.

1    In tort claims against the federal government, "[t]he United States shall be liable . . . in
2 the same manner and to the same extent as a private individual under like circumstances[.]" 28
3 U.S.C. § 2674. The "components and measure of damages" are determined by state law, except
4 as to interest prior to judgment and punitive damages. *Shaw v. United States*, 741 F.2d 1202,
5 1206 (9th Cir.1984). *See* 28 U.S.C. § 2674.

6    Under Washington's collateral source rule,[1] "payments, the origin of which is
7 independent of the tort-feasor, received by a plaintiff because of injuries will not be considered
8 to reduce the damages otherwise recoverable." *Ciminski v. SCI Corp.,* 90 Wn.2d 802, 804
9 (1978). *See also Johnson v. Weyerhaeuser Co.,* 134 Wn.2d 795, 798 (1998). The "rule is
10 designed to prevent the wrongdoer from benefitting from third-party payments." *Cox v. Lewiston
11 Grain Growers, Inc.,* 86 Wn.App. 357, 375 (1997). Accordingly, "as between an injured plaintiff
12 and a defendant-wrongdoer, the plaintiff is the appropriate one to receive the windfall." *Xieng v.
13 Peoples Nat'l Bank,* 120 Wn.2d 512, 523 (1993) (citing *Ciminski,* 90 Wn.2d at 804). Washington
14 courts follow a policy of "strict exclusion," generally not admitting collateral source evidence for
15 another purpose "lest it be improperly used by the jury to reduce the plaintiff's damage award."
16 *Cox v. Spangler*, 141 Wn.2d 431, 441 (2000).

17    a.   <u>Future TRICARE benefits for E.A.</u>

---

[1] Washington's common law collateral source rule has been superseded by statute as to past compensation by a collateral source. RCW 7.70.080 provides that "Any party may present evidence to the trier of fact that the plaintiff has already been compensated for the injury complained of from any source [with some exceptions]." *See Haskins v. Multicare Health System*, 186 Wn.Ap. 11, 16, 17 (Div.II, 2014).

ORDER ON PLAINTIFF'S MOTION TO STRIKE
EVIDENCE OF FUTURE COLLATERAL
SOURCE BENEFITS- 3

1    Although Washington courts have not addressed the precise situation in this case—
2 government-defendant as tortfeasor—the Washington State Supreme Court has directly
3 addressed an analogous situation, where a defendant-employer argued that its disability
4 insurance payments should offset the plaintiff's tort award. *Xieng v. Peoples Nat. Bank of*
5 *Washington*, 120 Wn. 2d 512, 524-26 (1993). The *Xieng* court held that even where the employer
6 is the *sole source* of benefits to the plaintiff, "[a] benefit may be exempt from set-off . . .
7 [because] . . . [t]he important consideration is the character of the benefits received, rather than
8 whether the source is actually independent of the employer." *Id.*, quoting from *Clark v.*
9 *Burlington Northern, Inc.*, 726 F.2d 448, 450 (8th Cir. 1984). The *Xieng* court acknowledged that
10 its authority for the nature of the benefits test came from a Federal Employers Liability Act case
11 but underlined its broader application. The test "was initially developed through cases arising in
12 a variety of contexts," including cases brought under the Federal Tort Claims Act. *Id.*, citing to
13 *United States v. Price*, 288 F.2d 448, 450 (4th Cir. 1961)(applying the test to the Federal Tort
14 Claims Act).

15    Because this is a Federal Tort Claims Act case, and because Defendant should be treated
16 like a private party, 28 U.S.C. § 2674, the Court should apply the "nature of the benefits" test to
17 consider whether evidence of future TRICARE benefits should be excluded under the collateral
18 source rule. *Xieng*, 120 Wn.2d at 524-26. Applying the nature of the benefits test to this case, the
19 collateral source rule should be applied to exclude future TRICARE benefits, because they
20 resemble private health insurance, not double payment of a tort award. *See* 32 C.F.R. § 199.17.
21 First, TRICARE beneficiaries other than active duty military must "cost-share," by paying
22 deductibles, a percentage of remaining charges after the deductible, and enrollment fees, which
23 resemble premiums that may be paid on a quarterly or monthly basis. § 199.17(m) and (o)(3).
24

ORDER ON PLAINTIFF'S MOTION TO STRIKE
EVIDENCE OF FUTURE COLLATERAL
SOURCE BENEFITS- 4

*See also*, 10 U.S.C.A. § 1097(e). Enrollment fees, according to some budget projections, are expected to increase within the next several years, likely increasing Plaintiffs' cost-sharing obligations. Dkt. 50-5. Supplemental coverage, such as E.A.'s TRICARE ECHO care, may be purchased for an additional monthly fee. § 199.5(f). Given these cost-sharing provisions, which require Plaintiffs and other beneficiaries to monetarily contribute to TRICARE, "it is not clear whether the government paid for a benefit in its entirety," which is why "a more "subtle inquiry" into the nature of the benefits is warranted." *Phillips v. Western Co. of North Amer.* 953 F.2d 923, 931 (5th Cir.1992). Second, like private health insurance, TRICARE gives beneficiaries flexibility to choose between network and non-network providers, § 199.17(m), and to enroll in either TRICARE Standard, a self-described "HMO-like program" (TRICARE Prime) or a "PPO program" (TRICARE Extra). § 199.17(a)(ii). This option is a "major feature" of TRICARE. *Id*.

   Defendant urges the Court to follow *Mays v. United States*, 806 F.2d 976-78 (10th Cir. 1986), arguing that because TRICARE is paid for by unfunded general revenue, rather than a special fund, any tort award should be offset by future TRICARE benefits. This rule lacks support in Washington law. Although only dicta, at least one Washington court rejected a similar argument, where an employer corporation unsuccessfully argued that its payments into a "general tax fund[2]," out of which the plaintiff received Medicare Part A benefits, justified offsetting a jury award. *Ciminski*, 90 Wn.2d at 802. Further, at least as TRICARE is currently structured, following *Mays* to its logical conclusion could have arbitrary outcomes. For example, if Congress changed TRICARE by drastically increasing the proportion of costs paid for by

---

[2] The Washington State Supreme Court did not agree with the employer corporation that Medicare Part A benefits come from general revenues, but its analysis is instructive.

beneficiaries, rather than the government, as long as the government funding came from unfunded general revenue, TRICARE would not be a collateral source.

Even if *Mays* is still good authority and is applicable beyond the Tenth Circuit, *Mays* is distinguishable because TRICARE explicitly requires cost-sharing by beneficiaries, whereas "CHAMPUS payments come exclusively from the general revenues of the United States[,] [t]herefore, such payments are not from a source collateral to the United States." *Mays*, 806 F.2d at 977. This case is also departs from *Mays* because future TRICARE benefits are speculative, given that E.A.'s TRICARE benefits will not vest unless Mr. Alexander remains in military service until 2023, unlike *Mays*, which addressed whether to allow offset of a tort award by medical costs of a retired military veteran's dependent. *Id*., at 976. Some federal courts have distinguished or interpreted *Mays* on similar grounds. *Lawson v. United States*, 454 F.Supp.2d 373, 415 (D.Md.2006) (no offset for future TRICARE payments); *Murphy v. United States*, 836 F.Supp. 350, 352 (E.D.Va.1993), citing to *Price v. United States*, 288 F.Supp. 309 (E.D.Va.1959), *Karsten v. Kaiser Foundation Health Plan*, 808 F.Supp. 1253 (E.D.Va. 1992), and *Mooney v. United States*, 619 F.Supp. 1525 (D.N.H.1985); *Kennedy v. United States*, 2009 WL 3348404, at *10 (C.D.Cal.2009).

<u>b. Future Affordable Care Act payments</u>

Defendant argues that the rationale for applying the collateral source doctrine has been eliminated by the Affordable Care Act, and that future ACA benefits should be admissible. *Id*., at 5-8. This Court declines the invitation to modify the collateral source doctrine in light of the ACA, because the same justification for denying an offset for future TRICARE benefits applies to projected ACA benefits.

ORDER ON PLAINTIFF'S MOTION TO STRIKE
EVIDENCE OF FUTURE COLLATERAL
SOURCE BENEFITS- 6

1   Defendant also argues that granting Plaintiffs' motion is premature, because Plaintiffs
2   will 'open the door' to future collateral source benefits at trial. The Court will entertain this
3   argument at trial, based on the evidence.

4

5   Based on the parties' briefing, it appears that the only future collateral source benefits
6   Plaintiffs seek to exclude pertain to E.A.'s future TRICARE benefits and future ACA benefits,
7   both of which should be excluded. Plaintiffs' motion should be granted.

8   * * *

9   Plaintiffs' Motion to Strike Evidence of Future Collateral Source Benefits (Dkt. 32) is
10  GRANTED.

11  The Clerk is directed to send uncertified copies of this Order to all counsel of record and
12  to any party appearing *pro se* at said party's last known address.

13  Dated this 2nd day of May, 2016.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO STRIKE
EVIDENCE OF FUTURE COLLATERAL
SOURCE BENEFITS- 7